**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LIZBETH LEYVA-QUINTO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    25 C 10700 |
| | ) |
| POWERVOLT GROUP, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

Plaintiff Lizbeth Leyva-Quinto brings this action against her former employer, PowerVolt Group ("PVG"), claiming interference and retaliation in violation of the Family Medical Leave Act ("FMLA"), and retaliation in violation of Title VII and the Illinois Human Rights Act ("IHRA"). Before the Court are Plaintiff's "Petition for Re-Appointment of Counsel and Request for Judicial Protection and Leniency" and PVG's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, Plaintiff's Petition is denied, PVG's Motion is granted, and Plaintiff's complaint is dismissed in its entirety with prejudice.

## BACKGROUND

Plaintiff was employed by PVG from January 2024 until January 2025. On January 3, 2025, Plaintiff was unable to go to work because her child required urgent medical care. Plaintiff immediately notified her supervisor by phone of the medical

emergency. Despite this notification, PVG wrongfully classified Plaintiff's absence as a "no show." When Plaintiff returned to work on January 6, 2025, her supervisor informed her that she had been replaced and was no longer needed. Plaintiff was terminated without notice, explanation, or fair opportunity to respond. Plaintiff says her termination occurred immediately after she reported workplace harassment and took family medical leave.

On January 17, 2025, Plaintiff filed a lawsuit against PVG in the Circuit Court of the Eighteenth Judicial Circuit of DuPage County, Illinois.[1] On May 20, 2025, Plaintiff filed her second amended complaint asserting claims of constructive discharge and wrongful termination, retaliation under the IHRA and Title VII, FMLA interference and retaliation, and discriminatory misclassification. Dkt. # 38-1. On October 8, 2025, the state court judge granted PVG's motion to dismiss and entered a final order dismissing that complaint in its entirety with prejudice. Dkt. # 38-2.

Prior to the state court's dismissal, on September 5, 2025, Plaintiff initiated this federal lawsuit, claiming FMLA interference and retaliation, Title VII retaliation, and

---

[1] To the extent the Court herein considers documents and information pertaining to the Illinois state court case, "taking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment." *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012). "The most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records." *Gen. Elec. Cap. Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) (citation omitted). The Court can also take notice of the state court hearing transcript for purposes of assessing whether *res judicata* bars Plaintiff's claims. *See*, *e.g.*, *Cameron v. Patterson*, 2012 WL 1204638, at *3–4 (N.D. Ill. Apr. 10, 2012) (reviewing state court criminal transcripts for issue preclusion purposes). Even without the transcript, though, the Court has more than enough information from the judicially noticeable state court records to decide PVG's *res judicata* argument.

IHRA retaliation. PVG has moved to dismiss Plaintiff's complaint in its entirety under Rule 12(b)(6) for failure to state a claim, arguing, in part, that Plaintiff's claims are barred by *res judicata*.

## LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022) (quoting Fed. R. Civ. P. 8(a)(2)). The statement must give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bonnstetter v. City of Chicago*, 811 F.3d 969, 973 (7th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At this stage, the Court accepts well-pleaded factual allegations as true, "draw[ing] all reasonable inferences in the [plaintiff's] favor." *Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 878 (7th Cir. 2022). Further, the Court liberally construes the allegations in a pro se plaintiff's complaint. *Ebemeyer v. Brock*, 11 F.4th 537, 542 n.4 (7th Cir. 2021) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## DISCUSSION

The Court first addresses Plaintiff's "Petition for Re-Appointment of Counsel and Request for Judicial Protection and Leniency," which was filed after briefing on PVG's motion to dismiss was closed. There is no constitutional or statutory right to counsel in federal civil cases. *Pruitt v. Mote*, 503 F.3d 647, 656 (7th Cir. 2007). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to request

counsel for an indigent litigant. *Id*. at 654. "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the Court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt*, 503 F.3d at 654–55). And, given the scarcity of *pro bono* counsel resources, the Court may also consider the merits of a plaintiff's claim and what is at stake. *Watts v. Kidman*, 42 F.4th 755, 763–64 (7th Cir. 2022).

The Court exercised its discretion and appointed counsel early on in the case. That attorney-client relationship, however, broke down almost immediately, and counsel was permitted to withdraw. The Court then appointed limited settlement assistance counsel. When it became clear that a settlement conference was unlikely to be fruitful, the Court ordered the parties to proceed with briefing Defendant's motion to dismiss.

It is true, as Plaintiff intuits, that trained attorneys are of course better positioned to successfully litigate cases. But lack of legal training is a challenge faced by nearly all pro se litigants. "[T]he question is not whether Plaintiff would fare better with the

assistance of counsel, it is whether [s]he is capable of litigating this case on h[er] own."
*Davila v. Teeling*, 2017 WL 11317778, at \*1 (E.D. Wisc. 2017) (citing *Henderson*, 755
F.3d at 565). At this stage, Plaintiff has demonstrated that she has the capacity to litigate
without the assistance of recruited counsel. In fact, to date, Plaintiff has proven to be
more competent than the average pro se litigator. Her filings thus far have been cogent
and coherent; she is articulate, intelligent, passionate about her case, and diligent in
pursuing it. She has demonstrated she is capable of responding to PVG's motion to
dismiss. Even the instant petition is neatly organized with references to case law. Her
case does not present novel legal issues, and her filings demonstrate a clear
understanding of the issues involved. Additionally, as discussed below, given the
substance of PVG's motion to dismiss and the clear record before the Court, an
experienced attorney likely would fare no better against PVG's arguments in favor of
dismissal. For all these reasons, Plaintiff's request for the re-appointment of counsel is
denied.

With that settled, the Court turns to the merits of PVG's motion to dismiss.
PVG's motion invokes the doctrine of *res judicata*, arguing that Plaintiff is re-litigating
the case that she litigated (and lost) in state court. At the outset, the Court notes that
taking up the matter of *res judicata* is not the usual course of action at the motion to
dismiss phase: *Res judicata* is an "affirmative defense[] that generally must be asserted
by defendants in their answer to the plaintiff's complaint and then raised in either a
motion for judgment on the pleadings, *see* Fed. R. Civ. P. 12(c), or summary judgment,

*see* Fed. R. Civ. P. 56(a)." *See Sapp v. Foxx*, 106 F.4th 660, 664 (7th Cir. 2024). Nevertheless, a Rule 12(b)(6) motion based on an affirmative defense is proper when the pleadings and other materials available to the Court for review establish the validity of the affirmative defense. *See Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008) (plaintiff can plead self out of court based on *res judicata*); *Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010) (finding no error where judge dismissed on *res judicata* grounds under Rule 12(b)(6) because "[h]e had before him all he needed in order to be able to rule on the defense"). "To hold otherwise would impinge upon the Court's ability to promote judicial economy." *Bowers v. City of Chicago*, 2024 WL 3888877, at *2 (N.D. Ill. 2024), *aff'd,* 2025 WL 1743506 (7th Cir. 2025). The Court therefore concludes that, in these circumstances, it is proper to consider the issue of *res judicata* on a Rule 12(b)(6) motion to dismiss.

"*Res judicata* ensures the finality of decisions." *Brown v. Felsen*, 442 U.S. 127, 131 (1979). If a plaintiff receives a final judgment on the merits of her case, the doctrine of *res judicata* prevents the plaintiff from relitigating claims that were or could have been litigated during an earlier proceeding. *Id.* The doctrine helps courts avoid judicial waste and helps defendants avoid the burden of defending themselves twice in the same suit. *See Arizona v. California*, 530 U.S. 392, 412 (2000); *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011) ("*Res judicata* promotes predictability in the judicial process, preserves the limited resources of the judiciary, and protects litigants from the expense and disruption of being haled into court repeatedly.").

The Full Faith and Credit Act, 28 U.S.C. § 1738, requires federal courts to respect the final judgments of state courts when that state's law would prohibit relitigating the claim. *Walczak v. Chi. Bd. of Educ.*, 739 F.3d 1013, 1016 (7th Cir. 2014) (citing *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 (1982)). Under Illinois law, *res judicata* requires "(1) a final judgment on the merits rendered by a court of competent jurisdiction, (2) the same cause of action, and (3) the same parties or their privies." *White v. Ill. State Police*, 15 F.4th 801, 809 (7th Cir. 2021) (cleaned up). If these three elements are met, then "*res judicata* will bar not only every matter that was actually determined in the first suit, but also every matter that might have been raised and determined in that suit." *Id.*

All elements of *res judicata* are met here. First, identity of parties is satisfied because Plaintiff sued the same defendant, PVG, in the state court case. Second, it is the same cause of action—the operative complaint in this case cements itself in the same facts that gave rise to the state court action, something that Plaintiff does not contest. *See Cooney v. Rossiter*, 2012 IL 113227, ¶ 21 ("[S]eparate claims are 'considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief.'" (quoting *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 311 (1998)). And third, there was a final adjudication on the merits by a court of competent jurisdiction. The state court dismissed Plaintiff's claims with prejudice. *Bonnstetter*, 811 F.3d at 975 (dismissal with prejudice constitutes a final judgment).

As to the last point, Plaintiff argues that the state court's ruling does not constitute a decision "on the merits" because, according to her, "[t]he state court's ruling was based *solely* on Plaintiff's procedural missteps and failure to file a proper responsive pleading." Dkt. # 54, at 1 (emphasis in original).[2] However, Illinois Supreme Court Rule 273 specifically states, "[u]nless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." IL. S. Ct. R. 273; *see also DeLuna v. Treister*, 185 Ill. 2d 565, 579 (1999) ("Rule 273 should be applied according to its unambiguous terms"). The Illinois Supreme Court has explained, "[i]f a plaintiff's action is involuntarily dismissed for a reason not expressly excepted by the rule, and if plaintiff does not procure leave of court to refile the complaint, or if a statute does not guaranty that opportunity to the plaintiff, then the rule *deems* the dismissal a dismissal on the merits. That is the purpose of the rule." *DeLuna,* 185 Ill. 2d at 575 (emphasis in original). "Stated differently, a dismissal order is a final adjudication on

---

[2] This contention is flatly contradicted by the state court dismissal order and hearing transcript. While the state court admonished Plaintiff for failure to follow court orders and procedural rules, he specifically stated that PVG's motion to dismiss, brought pursuant to 735 ILCS 5/2-615, "is well-founded. The second amended complaint does not state causes of action pursuant to [Section] 615 as clearly referenced within the Defendant's motion to dismiss the second amended complaint." Dkt. # 56-1, at 19. The judge went on to state that Plaintiff's "second amended complaint is dismissed for failure to comply with the rules of civil procedure 2-615 for the bases that are contained within [Defendant's] motion to dismiss. *Id.* at 20. Furthermore, the dismissal order stated, "Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint in its entirety is granted, with prejudice, for the reasons stated on the record." Dkt. # 38-2, at 2.

8

the merits under Rule 273 when the order specifies that it is 'with prejudice' or when the trial court denies leave to file an amended complaint." *Ward v. Decatur Mem'l Hosp.*, 2019 IL 123937, ¶ 50. Here, the dismissal in state court was with prejudice. If Plaintiff felt the dismissal was erroneous or was dissatisfied with the state court's justifications, she could have and should have appealed or sought relief from the state court.[3]

Plaintiff's claim of "chronological impossibility" also lacks merit. She argues that *res judicata* cannot apply because her federal case was filed before the state court dismissal. However, "a state decision rendered after the federal suit begins has the same preclusive effect it would have had possessed had it been rendered earlier." *Svendsen v. Pritzker*, 91 F.4th 876, 878 (7th Cir. 2024) (citation omitted). Here, as in *Svendsen*, "[t]he state judge dismissed the state suit while the federal suit was pending, and that terminating disposition satisfies the requirement in Illinois that a decision be 'final' to have preclusive effect." *Id.* (citations omitted).

Plaintiff also argues that PVG should be judicially estopped from asserting *res judicata* as a defense because defense counsel "repeatedly pressured the court and Plaintiff by arguing that the claims were federal." Dkt. # 54, at 2. Any characterization of Plaintiff's claims as "federal" does not implicate judicial estoppel concerns and certainly does not suggest inconsistent positions. Plaintiff brought both state and

---

[3] Plaintiff even asked the judge if she would be able to appeal his decision and was advised that she had "the ability to appeal up until 30 days of the date of the ruling." Dkt. # 56-1, at 20.

federal claims in her state court complaint. All of Plaintiff's claims, state and federal, could have been adjudicated in state court. *See Menominee Indian Tribe of Wis. v. EPA*, 947 F.3d 1065, 1071 (7th Cir. 2020) ("State courts are equally able to adjudicate questions of federal law."); *Tafflin v. Levitt*, 493 U.S. 455, 459 (1990) (noting the "deeply rooted presumption" of concurrent jurisdiction over cases arising under federal law unless Congress decides otherwise). Plaintiff's judicial estoppel argument is misplaced.

The same can be said for Plaintiff's complaints of "unclean hands," "fraud on the court," and "coercive entrapment." In her Response, Plaintiff argues that "Defendant secured the state dismissal through a pattern of material misrepresentations to the state court and the concealment of Plaintiff's substantive filings." Dkt. # 54, at 1. The record before the Court does not support this contention. Furthermore, and more importantly, if Plaintiff had issues with defense counsel's conduct throughout the state court proceedings, it was her responsibility to bring that perceived misconduct to the state court judge's attention. If Plaintiff believed the state court judge was somehow "tricked" into ruling against her, the proper course of action would have been to appeal that judgment and make her case to the appellate court, or petition the state court for relief from that judgment. Plaintiff was specifically advised that she had the ability to appeal the state court judgment within 30 days of its entry, and she chose not to do so.

In sum, because all the elements of *res judicata* are satisfied, the Illinois state court's October 8, 2025 order dismissing Plaintiff's action and complaint with prejudice

10

bars this Court from entertaining her renewed attempt to bring her claims in this second action where she had a full and fair opportunity to present her claims in the first action. *See Dookeran v. Cnty. of Cook, Ill.*, 719 F.3d 570, 576 (7th Cir. 2013) ("The law of claim preclusion in Illinois includes the concept of merger and bar, which precludes the sequential pursuit not only of claims actually litigated, but of those that could have been litigated" (internal citation omitted)). PVG's motion to dismiss is granted[4] and Plaintiff's complaint is dismissed with prejudice.[5]

---

[4] Given this conclusion, the Court need not address Defendant's remaining Rule 12(b)(6) arguments in support of dismissal, though it notes those arguments appear meritorious and Plaintiff failed to substantively respond to or engage with those arguments. *See Mathis v. N.Y. Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998) ("[E]ven pro se litigants . . . must expect to file a legal argument and some supporting authority." (second alteration in original)); *Moore v. Ill. State Police*, 90 F. App'x 964, 965 (7th Cir. 2004) ("Although we liberally construe pro se filings, liberal construction does not extend so far as developing and researching legal arguments for litigants proceeding without counsel.").

[5] The Court is mindful that, ordinarily, a *pro se* litigant should be given an opportunity to cure her defective pleadings before the Court dismisses her case. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1025 (7th Cir. 2013). However, the Court is not required to grant leave to amend where such action would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Petition for Re-Appointment of Counsel and Request for Judicial Protection and Leniency [58] is denied, and PVG's Motion to Dismiss [37] is granted. Plaintiff's complaint is dismissed in its entirety with prejudice. Civil case terminated.

It is so ordered.

Charles P. Kocoras
United States District Judge

Dated: 3/17/2026